James D. BAKER III, Plaintiff–counter–defendant–Appellee,

v.

GARDEN GROVE MEDICAL INVESTORS, LTD., a Tennessee Limited Partnership; et al., Defendants–counter–claimants–Appellants,

Forest L. Preston, individually, Defendant–counter–claimant–Appellant,

and

Developers Investment, Inc., a Corporation; et al., Defendants–counter–claimants.

James D. Baker III, Plaintiff–counter–defendant–Appellee,

v.

Garden Grove Medical Investors, Ltd., a Tennessee Limited Partnership; et al., Defendants–counter–claimants–Appellants,

Forest L. Preston, individually, Defendant–counter–claimant–Appellant,

and

Developers Investment, Inc., a Corporation; et al., Defendants–counter–claimants.

Nos. 07–55819, 07–56104.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Jan. 5, 2009.

Jeffrey B. Valle, Esquire, Valle & Associates, Los Angeles, CA, for Plaintiff–counter–defendant–Appellee.

Richard Rae Spirra, Esquire, Gordon & Rees, LLP, San Diego, CA, for Defendants–counter–claimants–Appellants.

Before: GRABER and CLIFTON, Circuit Judges, and REED,[*] District Judge.

## MEMORANDUM [**]

This case arises out of a dispute over the terms of a lease for a rehabilitation center in California. The parties are familiar with the facts of the case, and except as set forth herein, we need not repeat them now. Defendants–Appellants Garden Grove Medical Investors, Forrest L. Preston, Fred L. Lester, Jr., and Charles E. Jabaley (collectively "the Garden Grove investors") appeal an adverse judgment in the amount of $979,060.40 in unpaid rent and $3,630,882.30 in annually compounded prejudgment interest. The district court, following a bench trial, found in favor of Plaintiff–Appellee James D. Baker III ("Baker").

The Garden Grove investors appeal three aspects of the district court's award of damages. First, they contend that the district court erroneously interpreted a rent increase provision of the parties' lease. Second, the investors argue that the district court erred in awarding prejudgment interest. Last, they assert that the district court should not have compounded the prejudgment interest award on an annual basis. We affirm in part and reverse in part.

## I. Rent Increase Provision

In determining that the Garden Grove investors owed damages for unpaid rent, the district court applied the lease's Consumer Price Index (CPI) increase formula to both the base rent and the debt service costs. We review the district court's interpretation of the lease de novo. *See Graydon–Murphy Oldsmobile v. Ohio Cas. Ins. Co.,* 16 Cal.App.3d 53, 93 Cal.Rptr. 684, 687 (1971) (under California law, where the evidence is uncontradicted, interpretation of a contract "is solely a judicial function, and a reviewing court is not bound by the interpretation of the trial court").

Under Paragraph 6(a) of the original lease, Baker received $36,200 per month in rent. Of this amount, $14,700 went to

---

[*] The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

finance the mortgages on the property, and the remaining $21,500 represented Baker's "profit" on the lease. The first amendment to the lease subsequently broke rent into two components: base rent (originally $21,500) and debt service cost. The debt service amount was equal to the principal and the interest on the preexisting mortgages ($14,700); however, the first amendment permitted the Garden Grove investors to take new mortgages on the property, which would then increase the debt service cost. After entering into the first amendment to the lease, the investors refinanced the property, the preexisting mortgages were extinguished, and a new "permitted mortgage" was incurred. The "new" rent was thus the base rent ($19,176.72 because of the 10 percent "cash out" that Baker received) plus the permitted mortgage amount.

The parties amended their lease three more times. Paragraph 7.0 of the third amendment to the lease provides in part, "Pursuant to the terms of the Lease, as amended, Base Rent Payable by the Tenant to the Landlord is subject to being increased based upon the formula set forth therein." The Garden Grove investors argue that, while under the original lease the CPI increase applied to the generic term "rent," the third amendment applies the CPI increase to only the "Base Rent Payable" and not to the debt service cost of the monthly rent. We disagree.

We conclude that Paragraph 7.0 of the third amendment does not amend the definition of "rent" in the original lease or Paragraph 6(a) of the first amendment to the lease. The original CPI increase formula applied to "the rent." As the original lease did not break "the rent" into two formal components, the original lease effectively applied the CPI increase to both underlying components of the rent. It is therefore appropriate to apply the CPI increase to both the base rent and the debt service payment, absent a formal change to the lease.

Moreover, the structure of the third amendment shows that Paragraph 7.0 of the third amendment did not alter the application of the CPI increase to both components of rent. The paragraph does not have the "amendment of" language found in the preceding paragraphs of the agreement, indicating that the parties did not mean to amend a prior substantive provision of the lease with Paragraph 7.0. Rather, the first sentence gives background information while the remainder of the paragraph details new obligations relating to the outstanding balance for rent owed.

While the language of the amendments could have been clearer, the CPI increase formula applies to "rent," which includes both base rent and debt service payments. The district court's ruling should be affirmed in this respect.

## II. Prejudgment Interest

The district court found that the Garden Grove investors could have determined the amount of rent due under the lease with reasonable certainty, thereby entitling Baker to prejudgment interest. We review an award of prejudgment interest de novo. *See Nat'l Farm Workers Serv. Ctr., Inc. v. M. Caratan, Inc.*, 146 Cal.App.3d 796, 194 Cal.Rptr. 617, 625 n. 9 (1983) ("[I]t is necessary to apply legal principles in order to determine if pretrial interest should have been awarded.").

Whether a party is entitled to prejudgment interest depends on the applicable state law in diversity cases. *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949, 961 (9th Cir.2008). California Civil Code § 3287(a) provides that "[e]very person who is entitled to recover

damages certain, or capable of being made certain by calculation" is also entitled to recover prejudgment interest.

"Damages are certain or capable of being made certain where there is essentially no dispute between the parties concerning the basis of computation of damages," and instead the "dispute centers on the issue of liability." *Nat'l Union Fire Ins. Co. v. Showa Shipping Co.,* 47 F.3d 316, 324 (9th Cir.1995). Damages are not certain under California law where a defendant does not know what amount he or she owes and cannot ascertain it except by judicial process. *See Duale v. Mercedes–Benz USA, LLC,* 148 Cal.App.4th 718, 56 Cal.Rptr.3d 19, 26–27 (2007).

■ The presence of a dispute between the parties as to the way in which to calculate damages does not bar recovery under California Civil Code § 3287. *See Rabinowitch v. Cal. W. Gas Co.,* 257 Cal. App.2d 150, 65 Cal.Rptr. 1, 7 (1967) ("The existence of a bona fide dispute between the parties as to the amount owing under an express contract does not render that sum 'unliquidated.' "); *see also Nat'l Farm Workers,* 194 Cal.Rptr. at 626 ("Regardless of the resolution of this dispute, the fact remained that damages could be readily calculated once it was determined whether the disputed categories were to be included in the sum total of damages."). In short, "[i]f the amount of the indebtedness or the amount owing can be calculated and determined from the statements rendered by the plaintiff[ ] to the defendants, and that statement is found to be true and correct, it is a matter of mere calculation." *Anselmo v. Sebastiani,* 219 Cal. 292, 26 P.2d 1, 5 (1933) (per curiam); *see McConnell v. Pac. Mut. Life Ins. Co. of Cal.,* 205 Cal.App.2d 469, 24 Cal.Rptr. 5, 11 (1962) ("The crucial question is not how the damages are calculated, but whether the debtor is able to compute them.").

Here, the Garden Grove investors' amount owing could be determined by a matter of a mere calculation. Above we concluded that Baker's interpretation of the lease was correct with respect to applying the CPI increase to both the base rent and the debt service cost. Regardless of the dispute between the parties, the debtors would have been able to compute the amount owed under the lease by applying the CPI increase to both the base rent and the debt service amount. Thus, we affirm the district court's ruling on this issue.

### III. Compound Interest

The district court concluded that the prejudgment interest was "unpaid rent" and hence subject to being compounded annually under the lease. The district court's decision to compound the prejudgment interest involves an interpretation of the parties' written agreement, which we review de novo. *See Parsons v. Bristol Dev. Co.,* 62 Cal.2d 861, 44 Cal.Rptr. 767, 402 P.2d 839, 842 (1965).

California law allows for compound prejudgment interest only if the parties entered into an express written agreement so providing. *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 33 Cal.3d 816, 191 Cal.Rptr. 458, 662 P.2d 916, 917 (1983). Baker avers that Paragraph 9(b) of the original lease provides for awarding compound interest because that section calls for interest on "unpaid rent" at the rate of 12 percent per annum, and unpaid interest is treated as unpaid rent under Paragraph 9(d).

■ We conclude that the agreement does not expressly require an award of compound prejudgment interest. Paragraph 9(b) provides that rent is due on the 10th of each month and that any delinquent rent "will incur a penalty equal to

10% of said month's rent, and said rent will be interest bearing at the rate of 12% per annum retroactive to the 1st day of the month for which the rent has not been paid." That is, the agreement expressly provides for simple interest on any unpaid "rent," or at a minimum, does not expressly provide for compound interest. "Rent," as discussed above, is the base rent and the debt service amount.

Paragraph 9(d) also does not expressly provide that the interest owed on rent is compound interest. Paragraph 9(d) provides as follows:

> All taxes, charges, costs, and expenses which the Tenant is required to pay hereunder, together with all interest and penalties that may accrue thereon in the event of the Tenant's failure to pay such amounts, and all damages, costs, and expenses which the Landlord may incur by reason of any default of the Tenant or failure on the Tenant's part to comply with the terms of this lease, shall be deemed to be additional rent and, in the event of nonpayment by the Tenant, the Landlord shall have all the rights and remedies with respect thereto as the Landlord has for the nonpayment of the basic rent.

In this section, the agreement deems certain taxes, charges, costs, damages, and expenses to be "additional rent" and subjects the interest on those amounts to being compounded. The agreement does not explicitly state that interest owed on rent constitutes "unpaid rent." Only interest that accrues on "taxes, charges, costs, and expenses" constitutes "additional rent." For the agreement to state expressly that prejudgment interest should be compounded, "prejudgment interest" must be equated to a "cost, charge, tax, or expense." Nothing in the lease provides that prejudgment interest qualifies as a tax, charge, cost, or expense. Thus, the agree-ment does not expressly provide for compounding the prejudgment interest. Accordingly, we reverse as to this issue.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART. The parties shall bear their own costs on appeal.