Filed 12/13/22; Modified and Certified for Partial Pub. 1/11/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

MICHAEL SMALLEY,

    Plaintiff and Appellant,

       v.

SUBARU OF AMERICA, INC.,

    Defendant and Respondent.

G059904 (consol. w/ G060441)

(Super. Ct. No. 30-2017-00901612)

O P I N I O N

         Appeal from postjudgment orders of the Superior Court of Orange County, Charles Margines, Judge. Appeal No. G059904 affirmed. Appeal No. G060441 dismissed.

         Rosner, Barry & Babbitt, Hallen D. Rosner, Arlyn L. Escalante; Strategic Legal Practices, Payam Shahian; California Consumer Attorneys and Michael H. Rosenstein for Plaintiff and Appellant.

         Dykema Gossett, James S. Azadian, Derek S. Whitefield, Cory L. Webster and Nina Moreno for Defendant and Respondent.

Michael Smalley sued Subaru of America, Inc. (Subaru) under California's lemon law. Pursuant to Code of Civil Procedure section 998 (section 998), Subaru made a settlement offer to Smalley (the section 998 offer). Smalley did not accept the section 998 offer and the matter went to trial. At trial, Smalley prevailed, but recovered less than the section 998 offer. In accordance with the fee shifting rules of section 998, the trial court awarded Smalley his preoffer costs, but awarded Subaru its postoffer costs. Smalley appealed.

We conclude the section 998 offer was valid, reasonable, and made in good faith. Therefore, we affirm the trial court's costs awards.

Because of the pendency of the appeal on the costs awards, the trial court deferred a ruling on Smalley's motion for attorney fees. Smalley also appealed from the order delaying ruling on the attorney fees motion. We conclude that order is not appealable, and no grounds exist to construe it as an extraordinary writ. That appeal shall be dismissed.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

In 2013, Smalley bought a 2014 Subaru Forester. While under warranty, the vehicle suffered defects Subaru could not fix. Smalley's request to Subaru to repurchase the vehicle was denied.

In July 2016, Smalley filed a complaint against Subaru alleging violations of the Song-Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.) (Song-Beverly Act) and the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 et seq.). In May 2017, Subaru served a section 998 offer on Smalley, through his attorneys. The section 998 offer reads in full as follows:

"To Plaintiff and Plaintiff's attorneys of record:

"Pursuant to California Code of Civil Procedure section 998, in full settlement of the claims made by plaintiff Michael Smalley ('Plaintiff') against defendant

2

Subaru of America, Inc. ('SOA'), SOA offers to pay Plaintiff the sum of Thirty Five Thousand and One Dollars ($35,001.00) plus either one of the following at Plaintiff's election:  (1) Ten Thousand Dollars ($10,000.00) for Plaintiff's costs, including attorney's fees, or (2) Plaintiff's costs, including reasonably incurred attorney's fees, to be determined by the Court.  In exchange, Plaintiff shall do each of the following: (1) file a Request for Dismissal of Plaintiff's action against SOA with prejudice; and (2) return the subject 2014 Subaru Forester to SOA, by delivering possession and transferring free and clear title to SOA after receiving payment from SOA of the sum of Thirty Five Thousand and One Dollars ($35,001.00) described above.

"If Plaintiff accepts this offer, the attorney of record for Plaintiff shall,

"1.  Sign here: _____;

"2.  Elect one of the following by checking a box:

"    □  Ten Thousand Dollars ($10,000.00) for Plaintiff's costs, including attorney's fees, or

"    □  Plaintiff's costs, including reasonably incurred attorney's fees, to date to be determined by the Court; and

"3.  Return the executed offer to attorneys of record for SOA.

"If this offer is not accepted within the time prescribed by section 998 of the California Code of Civil Procedure, it shall be deemed withdrawn and cannot be brought in as evidence by Plaintiff at trial."  (Some capitalization omitted.)

Smalley objected to the section 998 offer in writing as "not reasonable."

The case continued to trial, and a jury awarded Smalley damages of $20,555.74 and a civil penalty of $7,000, for a total recovery of $27,555.74.  Judgment was entered in July 2020.

Smalley and Subaru each filed a memorandum of costs, and each filed a motion to strike or tax the other's costs.  The trial court found the section 998 offer was valid and exceeded the amount awarded to Smalley by the jury.  The court awarded

3

Smalley $1,351.17 in preoffer costs, and awarded Subaru $16,684.92 in postoffer costs. Smalley filed a notice of appeal from that postjudgment order (appeal No. G059904).

Smalley also filed a motion for attorney fees. The trial court stayed ruling on the attorney fees motion because that motion would depend on the validity of the section 998 offer, which was the same issue already on appeal. Smalley filed a notice of appeal from the trial court's postjudgment order staying the motion for attorney fees (appeal No. G060441). This court granted Smalley's unopposed motion to consolidate the two appeals.

## DISCUSSION

Our review of the section 998 offer is subject to two different standards of review: Whether the section 998 offer was valid is a question of statutory interpretation we review de novo, and whether the offer was reasonable and made in good faith is reviewed for abuse of discretion. (*Covert v. FCA USA, LLC* (2022) 73 Cal.App.5th 821, 832, 834 (*Covert*).)

### I

### THE SECTION 998 OFFER WAS VALID

As the offering party, Subaru had the burden of demonstrating the settlement offer was valid under section 998. (*Covert, supra*, 73 Cal.App.5th at p. 832.) The validity of a section 998 offer is determined as of the date it is served. (*Covert, supra*, at p. 833.)

The section 998 offer met the basic requirements of section 998, subdivision (b): It was in writing, contained the terms and conditions of the settlement, and included a provision allowing Smalley to indicate his acceptance of the offer.

"To be valid, an offer under section 998 may include nonmonetary terms and conditions, but it must be unconditional. [Citation.] '[F]rom the perspective of the offeree, the offer must be sufficiently specific to permit the recipient meaningfully to

4

evaluate it and make a reasoned decision whether to accept it, or reject it and bear the risk he may have to shoulder his opponent's litigation costs and expenses.  [Citation.]  Thus, the offeree must be able to clearly evaluate the worth of the extended offer.'  [Citation.]" (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1050 (*MacQuiddy*).)  The section 998 offer was for $35,001, plus fees and costs of either $10,000 or the reasonable amount of fees and costs incurred to that date, to be determined by the court, in exchange for dismissal of the action with prejudice and transfer of title to and possession of the vehicle.  Smalley could clearly evaluate the offer's worth.

Smalley argues the section 998 offer was invalid because it did not specify whether he would be deemed the prevailing party for purposes of a motion for attorney fees.  Section 998 does not require an offer to include language regarding the prevailing party, and the court "may not impose any additional requirements or limitations that do not appear on the face of the statute.  [Citation.]" (*Rouland v. Pacific Specialty Ins. Co.* (2013) 220 Cal.App.4th 280, 288.)  Given that the section 998 offer provided that Smalley would receive his costs and attorney fees, either in the set amount of $10,000 or in an amount to be determined by the court, his argument the section 998 offer was invalid because it did not include a statement that he was the prevailing party borders on specious.

Smalley relies on *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.* (N.D.Cal. Sept. 8, 2020) 2020 U.S. Dist. Lexis 163603 (*Volkswagen*), which we find to be inapplicable here.  In *Volkswagen*, the plaintiffs opted out of settlements with Volkswagen over claims Volkswagen's "'clean diesel'" engines had been rigged to evade emissions test procedures.  (*Id.* at pp. *189-*191.)  Claims under the Song-Beverly Act and the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.) (CLRA) were decided at a trial against other "Bellwether plaintiffs" and in favor of Volkswagen.  (*Id.* at p. *192.)  Volkswagen then made new settlement offers to each of the plaintiffs under Federal Rules of Civil Procedure, rule 68, of "'an amount for

5

Plaintiff's costs (including reasonable attorneys' fees, if any) incurred in connection with this action through the date on which this offer is made, in an amount to be determined by the Court.' [Citation.]" (*Volkswagen, supra*, at p. *193.) The plaintiffs accepted the rule 68 offers, and thereafter requested almost $1.5 million in attorney fees and over $120,000 in costs. (*Volkswagen, supra*, at pp. *192-*193.)

Volkswagen took the position the plaintiffs were not entitled to recover any attorney fees, arguing that because the fee-shifting claims under the Song-Beverly Act and the CLRA had been determined in the trial of the Bellwether plaintiffs' cases to be not viable, the amount of reasonable attorney fees for the settling plaintiffs was zero. (*Volkswagen, supra*, at p. *194.) The federal district court rejected this argument and awarded attorney fees to the plaintiffs. (*Volkswagen, supra*, at pp. *194-*200.) Importantly, Volkswagen's argument the plaintiffs were not entitled to attorney fees was *not* based on the lack of a "prevailing party" term in the rule 68 offers but rather on the merits of the decisions on the same claims in the Bellwether plaintiffs' trial. Smalley's fear Subaru would make the same losing argument as Volkswagen because there was no prevailing party designation in the section 998 offer lacks merit.

Smalley also relies on *MacQuiddy, supra*, 233 Cal.App.4th at page 1048, to support his contention that without being deemed the prevailing party in the section 998 offer, he might not be entitled to fees, costs, and expenses. In *MacQuiddy*, the defendant car manufacturer admitted liability for failing to repurchase or replace a car (*MacQuiddy, supra*, at pp. 1040-1041), and the parties stipulated to a restitution award (*id.* at p. 1042). A trial was held solely on whether to impose a civil penalty against the defendant; the jury found the defendant had not willfully failed to repurchase or replace the car, and did not impose a penalty. (*Id.* at p. 1043.) A section 998 offer by the defendant was invalid because it offered to repurchase the car "'in an undamaged condition, save normal wear and tear'"; the terms undamaged condition and normal wear and tear were undefined. The lack of a prevailing party designation was not mentioned by the court. (*MacQuiddy,*

6

*supra*, at p. 1050.)  The appellate court concluded that while the plaintiff was not a prevailing party under Civil Code section 1794, subdivision (d), he was the prevailing party under Code of Civil Procedure section 1032.  (*MacQuiddy, supra*, at p. 1051.)  Despite Smalley's argument to the contrary, *MacQuiddy* does not bear on whether "it is essential for a Song-Beverly plaintiff to be deemed the prevailing party when he accepts a 998 or settlement offer."

Smalley also contends the section 998 offer was invalid because Subaru did not offer to pay Smalley's expenses.  In a claim under the Song-Beverly Act, a prevailing plaintiff is entitled to recover costs and expenses (Civ. Code, § 1794, subd. (d)); for purposes of that statute, expenses encompasses out-of-pocket expenses beyond the costs identified in Code of Civil Procedure section 1033.5 (*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 137-138).  In this case, the trial court awarded Smalley his preoffer costs and expenses, specifically noting that under the Song-Beverly Act he was entitled to recover for more than the items listed in Code of Civil Procedure section 1033.5.

Although the section 998 offer did not address expenses as distinguished from costs, it was nevertheless valid.  "Where a section 998 offer is silent on costs and fees, the prevailing party is entitled to costs and, if authorized by statute or contract, fees. [Citations.]" (*Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, 168.)  Therefore, even if the section 998 offer could be construed as failing to include expenses, Smalley would have been entitled to recover his expenses if he had accepted the offer, and the failure to include the word expenses in the section 998 offer did not make it invalid.

II

THE SECTION 998 OFFER WAS REASONABLE AND MADE IN GOOD FAITH

Because the offer was valid, the burden shifts to Smalley as the offeree to demonstrate the offer was unreasonable or was not made in good faith.  (*Id.* at p. 833.)  If

the actual judgment is more favorable to the offeror than was the offer, it is prima facie evidence of the offer's reasonableness. (*Covert, supra*, 73 Cal.App.5th at pp. 833-834.)

The amount of the section 998 offer was more than the total jury award (damages plus penalties), and therefore the section 998 offer is presumptively reasonable. (*Covert, supra*, 73 Cal.App.5th at pp. 833-834.) Subaru offered to pay Smalley $35,001; the jury awarded Smalley $27,555,74 in damages and penalties. Smalley claims he recovered more after trial than the section 998 offer based on a convoluted analysis of the attorney fees incurred to the date of the section 998 offer and those incurred after that date. The statute itself makes clear that postoffer costs are not to be considered in determining whether Smalley obtained a more favorable judgment than the section 998 offer. (§ 998, subd. (c)(2)(A).) If preoffer attorney fees and costs are considered, the result is the same. Smalley contends he had incurred $11,508.17 in fees and costs before the section 998 offer, which is more than the flat $10,000 fees and costs portion of the section 998 offer. But if the actual fees and costs are added to the actual award after the jury trial, the total of $39,063.81 is still far less than the section 998 offer of $45,001 or $35,001 plus reasonable fees and costs awarded by the court.

The offer was reasonable on its face because the amount to be paid to Smalley was greater than the amount he recovered in damages and penalties, and the set costs and attorney fees amount of $10,000 was close to the $11,508.17 he had actually incurred to that date.

In *Varney Entertainment Group, Inc. v. Avon Plastics, Inc.* (2021) 61 Cal.App.5th 222, 235 (*Varney*), another panel of this court concluded a settlement offer extinguished an earlier section 998 offer because the terms of the two offers were materially inconsistent as to which claims would be resolved, the designation of the prevailing party, and the time period for which attorney fees and costs could be claimed. The issue before the court had nothing to do with the validity or reasonableness of a section 998 offer; the only issue was whether the later offer to enter into a stipulated

8

judgment on a single cause of action extinguished the earlier section 998 offer to settle all causes of action, which had never been accepted or rejected. (*Varney, supra*, at p. 234.) Despite Smalley's argument to the contrary, *Varney* does not lead to a conclusion that Smalley recovered more after trial than the section 998 offer provided.

Smalley argues the section 998 offer was not reasonable because it was premature. "[The policy behind section 998] is to encourage settlement by providing a strong financial disincentive to a party—whether it be a plaintiff or a defendant—who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer. (This is the stick. The carrot is that by awarding costs to the putative settler the statute provides a financial incentive to make reasonable settlement offers.)" (*Bank of San Pedro* (1992) 3 Cal.4th 797, 804; see *Duale v. Mercedes-Benz USA, LLC* (2007) 148 Cal.App.4th 718, 725 (*Duale*).) Subaru produced discovery responses in response to a motion to compel after the section 998 offer had expired. Smalley fails to make any showing that these discovery responses made the value of the case clearer, or that he was not able to determine the reasonable value of the case at the time the offer was made because he did not have the responses at that time.

Whether an offer is made in good faith is based on whether, at the time it was made, it carried a reasonable prospect of acceptance by the offeree. (*Covert, supra*, 73 Cal.App.5th at p. 834.) "'First, was the 998 offer within the "range of reasonably possible results" at trial, considering all of the information the offeror knew or reasonably should have known? [Citation.] Second, did the offeror know that the offeree had sufficient information, based on what the offeree knew or reasonably should have known, to assess whether the "offer [was] a reasonable one," such that the offeree had a "fair opportunity to intelligently evaluate the offer"?' [Citations.]" (*Ibid.*)

Smalley contends the section 998 offer was designed to subvert the Song-Beverly Act's consumer protections. *Reck v. FCA US LLC* (2021) 64 Cal.App.5th 682 (*Reck*), on which Smalley relies, actually supports the opposite position. In that case, the

9

plaintiff rejected a section 998 offer.  (*Reck, supra*, at p. 688.)  Two months later, at a mandatory settlement conference after trial had commenced, the parties settled the case for more than what had been offered in the section 998 offer.  (*Reck, supra*, at p. 689.)  Pursuant to Civil Code section 1794, the trial court awarded the plaintiff attorney fees incurred through the date of the section 998 offer, but denied attorney fees after that date, finding the case was not complex and the fees were neither reasonable nor necessary.  (*Reck, supra*, at p. 690.)  The appellate court concluded the trial court had erred by denying attorney fees because the plaintiff had obtained a better result at the settlement conference than had been offered in the section 998 offer.  "Allowing the trial court to categorically deny attorney fees simply because the plaintiff turned down a Code of Civil Procedure section 998 offer that is inferior to their ultimate recovery places too large a settlement club in the court's hands.  In making the decision to reject a section 998 offer, the plaintiff takes on the risk that he or she will not obtain a better result and will be deprived of postoffer attorney fees *and* be made to pay the other side's fees or costs.  Plaintiffs must be free to take these kinds of calculated risks without fear that the trial court may deny reasonably incurred postoffer attorney fees even after successfully litigating their matter to a more favorable resolution.  To endorse a different rule would create inordinate pressure on plaintiffs to accept low or unreasonable section 998 settlement offers, and undermine the prosecution of meritorious civil rights or public interest litigation and the legislative interest in awarding a prevailing plaintiff their reasonable attorney fees and costs under mandatory fee-shifting statutes."  (*Reck, supra*, at p. 698.)  The present case, by contrast, involves a plaintiff who did not obtain a better result than the section 998 offer.

Smalley also argues the fee-shifting provisions of section 998 and Civil Code section 1794 must be read in his favor.  California case law is to the contrary.  In *Murillo v. Fleetwood Enterprises, Inc.* (1998) 17 Cal.4th 985, 1001 (*Murillo*), the California Supreme Court held:  "Although the Legislature's purpose in enacting the

10

Song-Beverly Act was admittedly to encourage consumers to enforce their rights under the Act, nothing in Civil Code section 1794(d) suggests this legislative purpose should override the Legislature's desire—expressed in section 998—to encourage the settlement of lawsuits." The plaintiff in *Murillo* rejected a settlement offer and the defendants obtained a complete victory at trial. (*Murillo, supra*, at p. 1000.) The Supreme Court, having thoroughly examined the language and purpose of Civil Code section 1794 and Code of Civil Procedure sections 998 and 1032 as well as the cases interpreting those statutes, determined that when the plaintiff in a Song-Beverly Act case does not obtain a better recovery than the unaccepted section 998 offer, the trial court does not err in awarding the prevailing defendants costs and reasonable expert witness fees. (*Murillo, supra*, at pp. 1000-1001.)

In *Duale*, *supra*, 148 Cal.App.4th 718, the appellate court applied the *Murillo* holding to a situation where the plaintiff prevails at trial, but in a total amount less than the amount of the defendant's section 998 offer, which the plaintiff had not accepted. The appellate court concluded that in such a case, the plaintiff was not entitled to recover costs and attorney fees after rejecting the section 998 offer. (*Duale, supra*, at p. 724.) "We see no reason not to extend the Supreme Court's reasoning in *Murillo* to include the circumstances posed here. Nothing in the relevant statutes or applicable case law suggests the Legislature intended to exempt lemon law plaintiffs from the 'carrot and stick' of section 998's provisions encouraging settlement of pending cases. [Citation.] Nor is the Song-Beverly Act's purpose inconsistent with the application of the section 998 provision restricting the ability of prevailing plaintiffs to recover attorney fees and costs if they fail to recover more at trial than a rejected pretrial settlement offer. The [A]ct allows prevailing injured car buyers to recover attorney fees and costs in order to render such lawsuits 'economically feasible' [citation]; but declining to award such a buyer postoffer attorney fees and costs if he has refused a reasonable pretrial settlement offer does not defeat that purpose. An injured plaintiff may be encouraged to sue by the

11

prospect of recovering his costs if successful, but no articulated public policy is served by allowing him to maintain a lawsuit that loses its economic viability by virtue of the seller's willingness to settle on terms better than those a jury will award." (*Duale*, *supra*, 148 Cal.App.4th at p. 728; see *Covert, supra*, 73 Cal.App.5th at p. 837 ["a valid and reasonable section 998 offer by the seller, where the buyer recovers less than the offer, precludes recovery by the buyer of postoffer attorneys' fees and costs under Civil Code section 1794, subdivision (d)"].)

Smalley contends Subaru acted in bad faith by failing to respond to his objections or amend the section 998 offer. Nothing in California law requires a response by an offering party when the offeree raises objections or questions regarding the offer. Smalley's objections to the 998 offer did not request an amendment to the offer or propose a countersoffer. Smalley's objections conclude, "Plaintiff objects to Defendant's 998 Offer as it is not reasonable." This is a rejection of the 998 offer. Neither Subaru nor Smalley was precluded from making another section 998 offer within the statutory time period or another type of settlement offer. But the failure to do so is not bad faith.

## III

### THE ORDER STAYING A RULING ON THE MOTION FOR ATTORNEY FEES IS NOT AN APPEALABLE ORDER

Smalley argues the trial court abused its discretion by failing to rule on the motion for attorney fees. Subaru contends the order is not appealable.

The trial court's ruling on the motion for attorney fees reads, in relevant part, as follows: "Each side also file[d] a motion to tax the other's memorandum of costs. The motions to tax costs required the court to determine the validity of defendant's Code of Civil Procedure section 998 offer to compromise (998 offer) served on plaintiff on 5/10/17. This issue was forcefully contested. Defendant argued that plaintiff was not entitled to his post-offer costs because its 998 offer was valid and plaintiff failed to do better than the offer at trial. Plaintiff, on the other hand, argued that the 998 offer was

12

invalid/void and made in bad faith; and that it was therefore ineffective to shift costs under Code of Civil Procedure section 998.

"The court heard and ruled on the motions to tax costs on 12/16/20. After determining that defendant's 998 offer was certain and valid, and that plaintiff had failed to obtain a better judgment than the offer at trial, the court granted defendant's motion to tax costs in part by taxing plaintiff's memorandum of costs by the amount of $74,182.28, resulting in a costs award in favor of plaintiff and against defendant in the total amount of $1,351.17 (reflecting plaintiff's pre-offer costs only). . . . The court also granted plaintiff's motion to tax costs in part by taxing defendant's memorandum of costs by $1,710.09, resulting in a costs award in favor of defendant and against plaintiff in the amount of $16,684.92. . . .

"On 2/10/21, plaintiff filed a notice of appeal of the 12/16/20 rulings on the parties' motions to tax costs. As such, the validity of the 998 offer is currently pending before the Court of Appeal. [¶] Plaintiff's motion for attorney fees also encompasses the validity of the exact same 998 offer. Given that the validity of the 998 offer is currently an issue pending before the Court of Appeal, this motion is presently stayed pending the outcome on appeal. (See Code Civ. Proc., § 916 ['the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from *or upon the matters embraced therein* or affected thereby, including enforcement of the judgment or order, but the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order' (Emphasis added)].)"

Not all postjudgment orders are appealable, despite the broad language of Code of Civil Procedure section 904.1, subdivision (a)(2). (*Roden v. AmerisourceBergen Corp.* (2005) 130 Cal.App.4th 211, 213.) Postjudgment orders that do not make a final determination of the rights or obligations of the parties, and that anticipate or are preparatory to later proceedings, are not immediately appealable. (*Id.* at p. 216.) The order staying a ruling on the motion for attorney fees during the pendency of the appeal

13

on the order taxing costs did not make a final determination of the parties' rights to attorney fees, and was preparatory to later proceedings.  The order is therefore not appealable.

Additionally, the order is not appealable under the collateral order doctrine because it is not dispositive of the parties' rights and does not direct payment of money or performance of an act.  (*In re Marriage of Skelley* (1976) 18 Cal.3d 365, 368.)

Smalley requests that we exercise our discretion to construe the appeal from a nonappealable order as a petition for writ of mandate.  We have the authority to treat an appeal as a petition for writ of mandate when there is an inadequate remedy at law, the records and briefs in substance include the elements necessary for proceeding as a writ of mandate, there is no indication the trial court would appear as a party in the writ proceedings, the appealability of the challenged order is not clear, the parties urge the court to decide the issue rather than to dismiss the appeal, and the failure to address the issue immediately would lead to unnecessary delay and a waste of judicial resources. (*Olson v. Cory* (1983) 35 Cal.3d 390, 401; *SCC Acquisitions, Inc. v. Superior Court* (2015) 243 Cal.App.4th 741, 750.)

There is no lack of an adequate remedy at law.  The relief requested by Smalley is that we remand the motion for attorney fees to the trial court for decision, which is exactly what will happen anyway.  No unusual circumstances are present here justifying our treating the appeal as a petition for writ of mandate.

14

DISPOSITION

The postjudgment order in appeal No. G059904 is affirmed. Appeal
No. G060441 is dismissed. Respondent to recover costs on appeal.


                                        MOTOIKE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to
article VI, section 6 of the California Constitution.

Filed 1/11/23

**CERTIFIED FOR PARTIAL PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MICHAEL SMALLEY,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>SUBARU OF AMERICA, INC.,<br><br>    Defendant and Respondent. | G059904 (consol. w/ G060441)<br><br>(Super. Ct. No. 30-2017-00901612)<br><br>ORDER MODIFYING AND CERTIFYING OPINION FOR PARTIAL PUBLICATION; NO CHANGE IN JUDGMENT |

It is ordered that the opinion filed on December 13, 2022, be modified as follows:

1.  On page 5, in the first full paragraph, delete the final sentence and replace it with the following:

> Given that the section 998 offer provided that Smalley would receive his costs and attorney fees, either in the set amount of $10,000 or in an amount to be determined by the court, his argument the section 998 offer was invalid because it did not include a statement that he was the prevailing party is not convincing.

2.  On page 7, delete the paragraph that continues onto the next page and replace it with the following:

> Because the offer was valid, the burden shifts to Smalley as the offeree to demonstrate the offer was unreasonable or was not made in good faith.  (*Covert, supra*, 73 Cal.App.5th at p. 833.)  If the actual judgment is more favorable to the offeror than was the offer, it is prima facie evidence of the offer's reasonableness.  (*Id.* at pp. 833-834.)

These modifications do not effect a change in the judgment.

FCA US, LLC, Ford Motor Company, and the Association of Southern California Defense Counsel have requested our opinion, filed on December 13, 2022, be certified for publication.  It appears portions of our opinion meet the standards set forth in California Rules of Court, rule 8.1105(c)(2) and (4).  The request for partial publication is GRANTED pursuant to California Rules of Court, rules 8.1110 and 8.1120.

This opinion is ordered published in the Official Reports with the exception of part III of the Discussion.


MOTOIKE, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

2