[No. B149202. Second Dist., Div. Six. Feb. 11, 2002.]

DEPARTMENT OF FORESTRY AND FIRE PROTECTION, Plaintiff and Respondent, v.
KELLY LeBROCK, Defendant and Appellant.

**COUNSEL**

Smith, Tardiff & Hayes and Neil S. Tardiff for Defendant and Appellant.

Bill Lockyer, Attorney General, Pamela Smith-Steward, Chief Assistant Attorney General, James Schiavenza, Assistant Attorney General, Tyler Pon and Lisa A. Tillman, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PERREN, J.**—Kelly LeBrock appeals from the denial of her motion for attorneys fees after she successfully defended a suit by respondent, California Department of Forestry and Fire Protection (CDF), to recover the costs of suppressing a fire originating on her property. We affirm.

### FACTS

After fighting a fire originating on LeBrock's property, CDF sent her a letter demanding reimbursement of $230,062.63 for the costs incurred in suppressing and investigating the fire. LeBrock did not pay the demand and

CFD filed suit alleging, among other things, that Health and Safety Code section 13009.1 "creates . . . liability for the . . . legal costs incurred . . . as a consequence of a fire."[1] The suit prayed for recovery of attorneys fees. In a cross-complaint which she later dismissed, LeBrock pled a reciprocal right of recovery for legal costs.

After the jury returned a defense verdict, LeBrock moved for attorneys fees of $100,642. The trial court denied LeBrock's motion and she appeals.

### DISCUSSION

■ We independently review the legal question of whether section 13009.1 establishes the right to recover attorneys fees in this case. (See generally *Santisas v. Goodin* (1998) 17 Cal.4th 599, 606, 618 [71 Cal.Rptr.2d 830, 951 P.2d 399]; *Trope v. Katz* (1995) 11 Cal.4th 274, 278-280 [45 Cal.Rptr.2d 241, 902 P.2d 259].) We interpret a statutory scheme as a whole, giving the usual, ordinary meaning to its words so as to ascertain and effectuate the intent of the Legislature. (*Trope, supra,* at p. 280; *Delaney v. Superior Court* (1990) 50 Cal.3d 785, 798-799 [268 Cal.Rptr. 753, 789 P.2d 934].) We presume the Legislature meant what it said in the Health and Safety Code, and that it is aware of the circumstances set forth in the Code of Civil Procedure under which attorneys fees may be recovered. (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1047 [80 Cal.Rptr.2d 828, 968 P.2d 539]; *People v. McGuire* (1993) 14 Cal.App.4th 687, 694 [18 Cal.Rptr.2d 12]; accord, *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1135-1136 [104 Cal.Rptr.2d 377, 17 P.3d 735], quoting *McGuire.*) Where the words of a statute are clear, we may not add to or alter the statute to accomplish a purpose which does not appear on its face. (*Trope, supra,* at p. 280.) We turn now to the statutes concerning attorneys fees.

Code of Civil Procedure section 1021 provides, in pertinent part, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys . . . is left to the agreement, express or implied, of the parties . . . ." Code of Civil Procedure section 1032, subdivision (b) provides that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled . . . to recover costs in any action or proceeding." (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 712, fn. 15 [75 Cal.Rptr.2d 376] [defining "action" and "proceeding" as course of suit to final judgment].) "Costs" are defined by statute. Code of Civil Procedure section 1033.5, subdivision (a)(10) provides, in pertinent part, that "[t]he following items are allowable as costs

---

[1]All statutory references are to the Health and Safety Code unless otherwise stated.

under Section 1032: [¶] . . . [¶] (10) Attorney fees, *when authorized by* any of the following: [¶] (A) Contract. [¶] (B) Statute. [¶] (C) Law." (Italics added.)

Code of Civil Procedure section 1033.5, subdivision (c)(5) provides, in pertinent part, "When any statute of this state refers to the award of 'costs and attorney's fees,' attorney's fees are an item and component of the costs to be awarded and are allowable as costs . . . ."

■ Accordingly, a prevailing party is entitled to attorneys fees only when specifically authorized by statute, contract or law.

LeBrock contends that she is entitled to collect attorneys fees from CDF pursuant to sections 13009 and 13009.1. She also argues that these statutes created a contract between the parties for the collection of costs including attorneys fees. We disagree.

Section 13009 states, in pertinent part, that "(a) Any person . . . who negligently, or in violation of the law, sets a fire, allows a fire to be set, or . . . fails . . . to correct . . . a fire hazard . . . is liable for the fire suppression costs incurred in fighting the fire and for the cost of providing rescue or emergency medical services, and those costs shall be a charge against that person. The charge shall constitute a debt of that person, and is collectible by the person, or by the . . . state . . . agency, incurring those costs in the same manner as in the case of an obligation under a contract, express or implied."

Similarly, section 13009.1 provides, in pertinent part, that "(a) Any person (1) who negligently, or in violation of the law. . . , allows a fire to be set, or . . . fails . . . to correct a [fire] hazard . . . is liable for both of the following: [¶] (1) The cost of investigating and making any reports with respect to the fire. [¶] (2) The costs relating to accounting for that fire and the collection of any funds pursuant to Section 13009, including, but not limited to, the administrative costs of operating a fire suppression cost recovery program. The liability imposed pursuant to this paragraph is limited to the actual amount expended which is attributable to the fire. [¶] (b) In any civil action brought for the recovery of costs provided in this section, the court in its discretion may impose the amount of liability for costs described in subdivision (a). [¶] . . . [¶] (e) The liability constitutes a debt of that person and is collectible by the person, or by the . . . state, . . . incurring those costs in the same manner as in the case of an obligation under a contract, expressed or implied."

These Health and Safety Code provisions delineate the specific costs that may be collected. They are the costs of suppressing the fire, providing

rescue or emergency services, investigation, making reports, and costs relating to accounting for the fire and collection of the suppression and rescue costs. Attorneys fees are not among the costs mentioned. Indeed, these sections do not mention attorneys fees at all. If the Legislature had meant to include attorneys fees as costs in these provisions, either for enforcing or defending such an action, it would have so stated. (*Royster Construction Co. v. Urban West Communities* (1995) 40 Cal.App.4th 1158, 1170-1171 [47 Cal.Rptr.2d 684].)

LeBrock argues that *Covenant Mutual Ins. Co. v. Young* (1986) 179 Cal.App.3d 318 [225 Cal.Rptr. 861], supports her position. We are not persuaded. In *Covenant Mutual*, the trial court awarded attorneys fees to the prevailing defendants in an action under Civil Code section 3318 for breach of warranty of the authority of agents. Civil Code section 3318 provides for the recovery of "the reasonable expenses of legal proceedings taken . . . to enforce the act of the agent . . . ." (*Covenant Mutual, supra,* at p. 321.) In reversing the trial court, *Covenant Mutual* concluded that, by its terms, Civil Code section 3318 could only support an award of attorneys fees to the prevailing plaintiffs—that is, to *enforce* the act of the agent. (*Covenant Mutual, supra,* at pp. 322-323, citing *Beraksa v. Stardust Records, Inc.* (1963) 215 Cal.App.2d 708 [30 Cal.Rptr. 504], and remarking that Civ. Code, § 3318 would not, by itself, authorize recovery of attorneys fees.) Unlike Civil Code section 3318, the instant Health and Safety Code sections do not mention the recovery of expenses in legal proceedings, much less attorneys fees, for either party.

LeBrock argues that we should interpret the costs listed in the instant statutes to include attorneys fees. This we cannot do. The Code of Civil Procedure states that attorneys fees are not recoverable unless they are specifically authorized by contract, statute, or law or when a statute actually refers to the award of "costs and attorney's fees." (Code Civ. Proc., § 1033.5, subds. (a)(10), (c)(5).) No such authorization is contained within sections 13009 and 13009.1.

LeBrock argues that the instant code sections create a contract between the parties, supporting a reciprocal right to recover attorneys fees under Civil Code section 1717. But the instant statutes only specify that the listed costs are debts deemed collectible by the state "in the same manner" as contract obligations. Such language does not transform the liability into a contract, much less a contract specifically providing for attorneys fees as required under Civil Code section 1717. (See *Royster Construction Co. v. Urban West Communities, supra,* 40 Cal.App.4th at p. 1170 [contracts which provide for

payment of costs do not usually include attorneys fees].) Indeed, these Health and Safety Code sections specifically limit the costs collectible to those referenced. or described in sections 13009 and 13009.1. The statutory language regarding how the state may collect the costs listed is merely a procedural mechanism. There is no contract between the parties that expressly, or even impliedly, provides for recovery of attorneys fees. (Cf. *Citizens Suburban Co. v. Rosemont Dev. Co.* (1966) 244 Cal.App.2d 666, 683 [53 Cal.Rptr. 551].)

LeBrock urges that we use the equitable principles of Civil Code section 1717 to create a reciprocal right to attorneys fees here. But we may not alter or add to the language of the instant statutes to create a right to attorneys fees. Moreover, many statutory provisions which do provide for attorneys fees are one-sided. They expressly shift fees to advance public interests, such as encouraging citizens to put fire safety measures in place. (*Covenant Mutual Ins. Co. v. Young, supra,* 179 Cal.App.3d at pp. 324-325.)

Lastly, the allegations for legal costs incurred and prayers for attorneys fees do not create any obligation to award such fees. (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 681-682 [101 Cal.Rptr.2d 127].) CDF's lawsuit is a statutory action whose remedies are limited to the recovery of fire suppression costs stated in the statutes. There is no provision for attorneys fees in this case.

The judgment is affirmed. Costs to respondent.

Gilbert, P. J., and Yegan, J., concurred.