[No. B185999. Second Dist., Div. Three. June 27, 2008.]

LIONEL B. SANDERS, as Conservator, etc., et al., Plaintiffs and Respondents, v.
CHERYL LAWSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts 1.a., 1.b., 2., 3.a., and 3.c.

**COUNSEL**

Oldman, Cooley, Sallus, Gold, Birnberg & Coleman, Marshal Oldman and Justin B. Gold for Defendant and Appellant.

Ronald J. Seeley and David A. Seeley for Plaintiffs and Respondents.

**OPINION**

**ALDRICH, J.—**

### INTRODUCTION

In this appeal, we are asked to determine whether the attorney fees provision of the Elder Abuse Act (Welf. & Inst. Code, § 15657.5)[1] authorizes the award of trustee fees as costs. We hold that it does not.

Lawrence I. Schwartz as trustee of the Lawson Family Trust (the Trust), and Lionel B. Sanders as conservator of the estates of Louis and Sylvia Lawson brought an action under the Elder Abuse Act (§ 15600 et seq.)

---

[1] All further statutory references are to the Welfare and Institutions Code, unless otherwise noted.

against Cheryl Lawson, a beneficiary.[2] The lawsuit stemmed from the manner in which Cheryl had obtained her elderly parents' signatures on a quitclaim deed that transferred an undivided one-half interest in a residence in Santa Barbara to her. Cheryl appeals from the judgment entered against her and from the subsequent award of costs and fees to the trustee and plaintiffs' attorneys. We reverse the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are essentially undisputed. Cheryl is one of three children of Louis W. and Sylvia Lawson, now deceased.[3] Sanders was the court-appointed conservator of the estates of both Louis and Sylvia. Schwartz was the successor trustee of the Trust dated November 10, 1995, and amended and restated in January 2003.[4]

The Lawsons acquired the Santa Barbara residence (the Santa Barbara property) in 1990. Cheryl on the one hand, and her parents on the other, each held an undivided one-half interest in that property. Title to the senior Lawsons' one-half interest was held by the Trust as of October 2002.

In May 2003, Louis and Sylvia conveyed their interest in the Santa Barbara property to Cheryl by quitclaim deed. Cheryl then filed a quiet title action in Santa Barbara naming as a defendant, the trustee.

While the quiet title action was pending, in June 2004, plaintiffs filed the instant action in Los Angeles County against Cheryl seeking damages for elder abuse and breach of fiduciary duty arising out of the events leading to Louis and Sylvia's transfer of their interest in the Santa Barbara property to Cheryl. The gravamen of the complaint was that Cheryl acquired the property through undue influence and elder abuse in that she pressured, forced, and coerced Sylvia and Louis, during unwelcome telephone calls and visits, to sign the quitclaim deed.

At the close of the bench trial, the court found in favor of plaintiffs and adopted their 37-page statement of decision. The court awarded damages as follows: (1) $583,769.83 to the trustee for Cheryl's financial abuse (comprised of $512,500, which was the senior Lawsons' one-half interest in the

---

[2] We refer to various Lawsons by their first names for clarity and intend no disrespect thereby. (See *Hailey v. California Physicians' Service* (2007) 158 Cal.App.4th 452, 459 [69 Cal.Rptr.3d 789].)

[3] Cheryl's siblings are not parties to this action or appeal.

[4] After the judgment was entered, the trustee was suspended by order of the probate court. That order was the subject of a companion appeal in this court *Schwartz v. Labow* (2008) 164 Cal.App.4th 417.

property, plus $65,000 in rental income from the Santa Barbara property, plus interest); and (2) $100,000 to the conservator for Cheryl's elder abuse (comprised of $50,000 each for Sylvia and Louis). It also ordered Cheryl to pay attorney fees, and trustee's and conservator fees as costs, but left the amount to later determination. After the trial court denied Cheryl's motion for new trial, Cheryl filed her notice of appeal.

Plaintiffs then filed their motion for fees and costs. After referring the matter to a referee, the trial court accepted the dollar amounts only from the referee's recommendations and awarded the conservator $11,896.50; the trustee $517,869.93; and the attorneys $1,077,579.08. Additional facts will be delineated below.

## DISCUSSION

1.–3.a.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

b. *The trial court's award of trustee's fees was unauthorized.*

Cheryl contends that the attorney fees provision in the Elder Abuse Act, section 15657.5, does not authorize the award of compensation to a trustee and so the $517,869.93 awarded to the trustee here was legal error. The relevant sentence in section 15657.5, subdivision (a) reads: *"The term 'costs' includes, but is not limited to, reasonable fees for the services of a conserva-tor, if any, devoted to the litigation of a claim brought under this article."* (Italics added.) The referee concluded that that sentence was expansive enough to include the services of a trustee as well. We disagree with the referee.

"On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion. However, de novo review of such a trial court order is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law. [Citations.]" (*Carver v. Chevron U.S.A., Inc.* (2002) 97 Cal.App.4th 132, 142 [118 Cal.Rptr.2d 569].)

■ In California a prevailing party in a civil proceeding is entitled to the recovery of costs. (Code Civ. Proc., § 1032, subd. (b).) "Code of Civil Procedure '[s]ection 1032 is the fundamental authority for awarding costs in civil actions. It establishes the general rule that "[e]xcept as otherwise

---

*See footnote, *ante*, page 434.

expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." ' [Citation.]" (*Duale v. Mercedes-Benz USA, LLC* (2007) 148 Cal.App.4th 718, 724 [56 Cal.Rptr.3d 19].) The " ' "items . . . allowable as costs under Section 1032" ' " are enumerated in Code of Civil Procedure section 1033.5. (*Duale, supra*, at p. 724.)

██ Here, the Elder Abuse Act's section 15657.5 is the relevant attorney fees statute that invokes application of Code of Civil Procedure section 1032, and by reference, the cost list in Code of Civil Procedure section 1033.5. (Code Civ. Proc., § 1033.5, subd. (c)(5); see *Duale v. Mercedes-Benz USA, LLC, supra*, 148 Cal.App.4th at p. 724.) As noted, section 15657.5 reads, in relevant part, "(a) Where it is proven by a preponderance of the evidence that a defendant is liable for financial abuse, as defined in Section 15610.30, in addition to all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs. *The term 'costs' includes, but is not limited to, reasonable fees for the services of a conservator, if any, devoted to the litigation of a claim brought under this article.*" (Italics added.)

Section 15657.5 makes no mention of trustees. Instead, it defines the term "costs" to include reasonable fees for the services of a *conservator.*

In support of the award of fees to the trustee, plaintiffs point to the important purpose of the Elder Abuse Act, namely, to encourage private enforcement of laws to protect a particularly vulnerable sector of the population from abuse and custodial neglect. (*Delaney v. Baker* (1999) 20 Cal.4th 23, 33 [82 Cal.Rptr.2d 610, 971 P.2d 986].) They contend that this purpose necessitates an expansive reading of the Elder Abuse Act's cost provision. They argue thus that the phrase "includes, but is not limited to," in section 15657.5 "is broad enough to encompass the fees of the Trustee as well as those of the Conservator." We decline plaintiffs' invitation to expand the scope of statutorily available costs.

First, the clause in section 15657.5, "*includes, but is not limited to,*" does not expand the list of items that could be considered costs to include trustee fees. It has long been the law in California that "[c]osts recoverable are only those recoverable by statute or rule of court even though the item may be a reasonable one. [Citations.]" (*Muller v. Reagh* (1959) 170 Cal.App.2d 151, 153 [338 P.2d 601]; accord, *Duale v. Mercedes-Benz USA, LLC, supra*, 148 Cal.App.4th at p. 724 [" ' "The right to recover costs exists solely by virtue of statute." [Citations.]' "].) Code of Civil Procedure section 1033.5 delineates the items allowable as costs in civil actions where costs are authorized by statute. (Code Civ. Proc., § 1033.5, subd. (c)(5).) That comprehensive list

does not include trustee's fees. Because the services of a trustee are entirely absent from this list of available costs, there was no authority for the award of fees as costs to the trustee.

 Second, knowing full well what trustees and conservators are, the Legislature did not include fees for trustees' services when it enacted section 15657.5; it chose only to include fees for conservators' services. That is, when adding to the Code of Civil Procedure section 1033.5 list of available costs, the Legislature chose not to include trustee fees in section 15657.5. "We presume the Legislature meant what it said in the [Welfare and Institutions Code], and that it is aware of the circumstances set forth in the Code of Civil Procedure under which attorneys fees may be recovered. [Citations.] Where the words of a statute are clear, we may not add to or alter the statute to accomplish a purpose which does not appear on its face. [Citation.]" (*Department of Forestry & Fire Protection v. LeBrock* (2002) 96 Cal.App.4th 1137, 1139 [117 Cal.Rptr.2d 790].) Had the Legislature intended to include as costs in section 15657.5 the reasonable fees for the services of a trustee, it could have said so, given it was aware of the itemized list of costs in Code of Civil Procedure section 1033.5 and the absence therein of a reference to trustees. We decline to expand the list of statutory costs to include those of the trustee where the Legislature has conspicuously failed to do so. (*City of Santa Cruz v. Municipal Court* (1989) 49 Cal.3d 74, 88 [260 Cal.Rptr. 520, 776 P.2d 222].)

Third, to endorse the interpretation suggested by plaintiffs "would substantially expand the range of recoverable costs, particularly under these facts" (*Golf West of Kentucky, Inc. v. Life Investors, Inc.* (1986) 178 Cal.App.3d 313, 317 [223 Cal.Rptr. 539], superseded by statute as stated in *Cooper v. Westbrook Torrey Hills* (2000) 81 Cal.App.4th 1294 [97 Cal.Rptr.2d 742]), where plaintiffs' attorneys already had the benefit of a conservator protecting the interests of the persons and estates of Louis and Sylvia, and where the ratio of trustee fees to conservator fees *was nearly 50 to 1*. "Modification of costs recoverable on appeal is best left to the Legislature with its fact finding capabilities through hearings at which all interested parties may have input." (*Golf West of Kentucky, Inc.*, at p. 317.)[9]

 Where fees of a trustee are not authorized by section 15657.5 and Code of Civil Procedure section 1033.5, the trial court acted improperly in

---

[9] Plaintiffs argue that Cheryl "virtually stipulated to the award of Conservator's fees below by raising no objection to that award." But, Cheryl's challenge here is to the award of fees to the *trustee*. She challenged those fees in her opposition to the attorney fee motion before the referee and so she preserved her contention on appeal. Cheryl's acknowledgment that section 15657.5 provides for reasonable fees to the conservator does not mean that she acquiesced to an award to the *trustee* that is not only unauthorized by the statute but would result in double recovery by plaintiffs.

awarding the trustee fees for his services here in connection with the claims brought under the Elder Abuse Act.

 c. *Cheryl's other challenges to the attorney fees award have merit.*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is reversed. Cheryl Lawson to recover costs on appeal.

Klein, P. J., and Kitching, J., concurred.

---

[*] See footnote, *ante*, page 434.