Filed 6/12/24  Thompson v. Ito CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NANCY THOMPSON, | |
| Plaintiff and Respondent, | G061437 |
| v. | (Super. Ct. No. 30-2018-01027543) |
| THOMAS YOSHIO ITO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, David L. Belz, Judge.  Affirmed in part, reversed in part, and remanded with directions.

Thomas Yoshio Ito, in pro. per., for Defendant and Appellant.

Albertson & Davidson, Jeffrey M. Hall and Michelle P. Nguyen for Plaintiff and Respondent.

Thomas Yoshio Ito appeals from a postjudgment order awarding attorney fees and costs to Nancy Thompson under Welfare and Institutions Code section 15657.5, subdivision (a) (all undesignated statutory references are to this code).[1] Thomas argues the trial court lacked the authority to rule on Nancy's motion for attorney fees and her memorandum of costs during the pendency of the appeal of the underlying lawsuit (*Thompson v. Ito* (Nov. 15, 2022, G059403) [nonpub. opn.] (*Thompson I*).). He also challenges the award of attorney fees and costs on several grounds.

We affirm in part and reverse in part. We hold the trial court retained jurisdiction to award attorney fees and costs while the appeal of the underlying lawsuit was pending. We also conclude the trial court properly awarded attorney fees based on the lodestar method and deem several of Thomas's arguments forfeited. However, we find the trial court abused its discretion in awarding certain lodging and parking costs and accordingly reverse that portion of the order awarding these costs.

FACTUAL AND PROCEDURAL BACKGROUND

I.

UNDERLYING LAWSUIT

In October 2018, Nancy petitioned for an order invalidating the Itow Family Trust (Trust) based on undue influence and for damages against Thomas for financial elder abuse. The trial court issued a tentative statement of decision in March 2020, and it entered a final judgment in June 2020.

---

[1] We will refer to the parties by their first names to avoid confusion. In various places in the appellate record, the last name Ito is spelled Itow. Throughout this opinion, when necessary to mention an individual's last name, we use the spelling of that person's name that predominates in the appellate record.

In the judgment, the trial court held Yoko executed the Trust under Thomas's excessive persuasion and undue influence as defined in section 15610.70.[2] It found: "Yoko Itow was unduly influenced and persuaded to change her estate plan documents by disinheriting her daughter Nancy Itow." The trial court invalidated the Trust and a quitclaim deed, ordered the return of real property to Yoko's estate, and ordered Nancy to be appointed as executor of the estate.

The trial court also concluded Thomas committed acts of financial elder abuse against Yoko under section 15610.30.[3] It found Thomas took "and obtain[ed] real or personal property of Yoko by undue influence and for a wrongful use" causing harm to Yoko by depriving her of her right to "properly dispose of her earthly estate." Because the trial court found Thomas committed acts of financial elder abuse, it granted Nancy's request for attorney fees and costs pursuant to section 15657.5.

The trial court denied Nancy's requests for double damages under Probate Code section 859 and for a finding that would deem Thomas predeceased Yoko under Probate Code section 259. Both denials were due to insufficient evidence of bad faith conduct. It also denied attorney fees and costs under section 15657, because the trial

---

[2] Section 15610.70, subdivision (a), provides, "'Undue influence' means excessive persuasion that causes another person to act or refrain from acting by overcoming that person's free will and results in inequity." In determining whether an act or omission was the product of undue influence, court must consider various statutory factors. (§ 15610.70, subd. (a)(1)–(4).)

[3] Section 15610.30, subdivision (a), defines "'[f]inancial abuse' of an elder . . . when a person or entity does any of the following: [¶] (1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. [¶] (2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both. [¶] (3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 15610.70."

3

court did not find by clear and convincing evidence Thomas was liable for physical abuse under section 15610.63 or neglect under section 15610.57 and that Thomas was "guilty of recklessness, oppression, fraud, or malice in the commission of this abuse."

In September 2020, Thomas appealed the trial court's judgment, which we affirmed with a modification in November 2022. On appeal, we found the trial court erred in appointing Nancy as executor of Yoko's estate and deleted that order from the judgment. (*Thompson I*, *supra*, G059403 at p. 2.) In awarding costs on appeal, we concluded, "Because both parties prevailed in part, in the interests of justice neither party shall recover costs on appeal." (*Id.* at p. 18.)

## II.

### FEE LITIGATION

In March 2020, Nancy filed a memorandum of costs, claiming a total of $27,961.07 in costs. In September 2020, Nancy moved for an award of attorney fees under section 15657.5. She sought a lodestar figure of $203,865. She requested: (1) $525 per hour for attorney Jeffrey M. Hall for 183.9 hours of work performed; (2) $425 per hour for attorney Omid J. Afati for 148.3 hours of work performed; (3) $425 per hour for attorney Nathan Coppernoll for 58.4 hours of work performed; (4) $425 per hour for Troy McMahon for 12.3 hours of work performed; and (5) $225 per hour for paralegal Susan Nugent for 63.3 hours of work performed. In support of her motion, Nancy provided a declaration of her attorney Hall and billing records.

In November 2020, Nancy filed a memorandum of costs worksheet, with documentation supporting the claimed costs of $27,961.07. Among the costs claimed were $2,395.67 for lodging expenses during trial and $73 for parking expenses during trial. In support of these claimed costs, Nancy submitted a document entitled, "Activities Export," which identified a "[u]ser" named Ken Albertson with respect to these lodging and parking expenses for January 23, 2020.

4

On November 24, 2020, Nancy filed a notice of non-receipt of opposition since Thomas's opposition to her motion for attorney fees was due on November 17, 2020, but she had not yet received it. On December 3, 2020, Thomas filed an opposition to Nancy's motion for attorney fees.

In a minute order on December 4, 2020, the trial court noted Thomas "attempted to file his opposition to the motion for attorney fees and it was rejected by the clerk's office. [¶] The court will allow [Thomas] to file his opposition. [¶] This matter is continued to allow [Thomas] to file his opposition before the next court date." The motion for attorney fees was continued by the trial court to December 16, 2020.

After a hearing on the motion on December 16, 2020, the trial court took the matter under submission. In March 2021, the trial court issued a minute order indicating it could not rule on the motion during the pendency of the appeal of the underlying lawsuit.

During a hearing in January 2022, while the appeal of the underlying lawsuit was still pending, Nancy requested the trial court rule on her motion for attorney fees. Points and authorities as to whether the court had the authority to rule on Nancy's motion during the pendency of the appeal were requested by the trial court.

After receiving points and authorities from the parties, the trial court issued a ruling on Nancy's motion for attorney fees in March 2022. It concluded it retained jurisdiction to issue an attorney fee award during the pendency of the appeal of the underlying lawsuit. It then entered an attorney fee award of $175,252.50 and "award[ed] costs to Nancy Thompson in the amount of $27,961.07."

Thomas timely appealed the trial court's order awarding attorney fees and costs.

5

## DISCUSSION

### I.

### GENERAL APPELLATE PROCEDURAL PRINCIPLES

A core principle of appellate procedure is to "presume the trial court result is correct. [Citation.] The one contesting that result thus bears the burden of showing legal error. That requires legal authority." (*Singman v. IMDB.com, Inc.* (2021) 72 Cal.App.5th 1150, 1151.)

"'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record. [Citations.]' [Citation.] Accordingly, the California Rules of Court expressly require appellate briefs to '[s]tate each point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' (Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).)" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620 (*Kilrain*).)

"When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration. [Citations.] In addition, citing cases without any discussion of their application to the present case results in forfeiture. [Citations.] We are not required to examine undeveloped claims or to supply arguments for the litigants." (*Martine v. Heavenly Valley Limited Partnership* (2018) 27 Cal.App.5th 715, 728 (*Martine*).)

"Generally, issues not raised in the trial court cannot be raised for the first time on appeal. [Citations.] Although appellate courts have discretion to consider an issue in the first instance if it raises a question of law on undisputed facts, our Supreme Court has cautioned that such discretion should be exercised rarely and only in cases presenting an important legal issue. [Citations.] ""Appellate courts are loath to reverse a

6

judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider.'"'" (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44–45.)

Another "'"'rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.'"'" (*Ione Valley Land, Air, & Water Defense Alliance, LLC v. County of Amador* (2019) 33 Cal.App.5th 165, 173 (*Ione Valley*).) "'"An issue is new if it does more than elaborate on issues raised in the opening brief or rebut arguments made by the respondent in respondent's brief. Fairness militates against allowing an appellant to raise an issue for the first time in a reply brief because consideration of the issue deprives the respondent of the opportunity to counter the appellant by raising opposing arguments about the new issue.'" (*Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277–278 (*Hernandez*).)

These appellate procedural "rules apply both to parties represented by counsel and self-represented parties. [Citation.] 'A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."'" (*Kilrain*, *supra*, 96 Cal.App.5th at p. 620.)

Thomas, a self-represented litigant, presents several arguments in his opening brief without citing any legal authority in support. He raises some arguments for the first time on appeal in his opening brief, and sets forth a few arguments for the first time in his reply brief. We consider his arguments where possible. We state below when we deem any arguments forfeited.

## II.

### AN APPEAL DOES NOT PREVENT AN ATTORNEY FEE AWARD

As a threshold issue, we first address Thomas's argument that the trial court lacked the authority to award attorney fees and costs to Nancy while the appeal of the

7

underlying lawsuit was pending.  Code of Civil Procedure section 916, subdivision (a), provides, unless a specified exception applies, "the perfecting of an appeal stays proceedings in the trial court upon the judgment or order appealed from or upon the matters embraced therein or affected thereby."  "The purpose of the automatic stay rule is 'to protect the appellate court's jurisdiction by preserving the status quo until the appeal is decided.'"  (*Dowling v. Zimmerman* (2001) 85 Cal.App.4th 1400, 1428.)

"[B]ut the trial court may proceed upon any other matter embraced in the action and not affected by the judgment or order."  (Code Civ. Proc., § 916, subd. (a).)  An attorney fee award "is a collateral matter which is embraced in the action but is not affected by the order from which an appeal is taken."  (*Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 369 (*Bankes*), superseded by statute on other grounds as stated in *Lee v. Wells Fargo Bank* (2001) 88 Cal.App.4th 1187, 1197; accord, *Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032, 1052.)  Accordingly, "filing of a notice of appeal does not . . . prevent the trial court from" awarding attorney fees and costs.  (*Bankes*, at p. 369.)  Furthermore, "the filing of a notice of appeal does not deprive the trial court of jurisdiction to award attorney fees and costs post trial. . . . [A] motion for attorney fees is not premature despite the filing of a notice of appeal."  (*Id.* at p. 368; see *Robertson v. Rodriguez* (1995) 36 Cal.App.4th 347, 360 [trial court retained jurisdiction to consider a statutory attorney fee award despite an appeal of the underlying lawsuit].)  Therefore, the trial court properly concluded it retained jurisdiction to award attorney fees and costs despite an appeal of the underlying lawsuit.

III.

THE TRIAL COURT PROPERLY AWARDED ATTORNEY FEES

A.  *Standard of Review*

"'On review of an award of attorney fees after trial, the normal standard of review is abuse of discretion.'"  (*Sanders v. Lawson* (2008) 164 Cal.App.4th 434, 438 (*Sanders*).)  "An abuse of discretion is shown when it may be fairly said that the court

8

exceeded the bounds of reason or contravened uncontradicted evidence." (*Mustachio v. Great Western Bank* (1996) 48 Cal.App.4th 1145, 1151.) "'"When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."'" (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1339.) "'The "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong."' [Citation.] 'Fees approved by the trial court are presumed to be reasonable, and the objectors must show error in the award.'" (*Laffitte v. Robert Half Internat. Inc.* (2016) 1 Cal.5th 480, 488.)

"However, de novo review . . . is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law." (*Sanders*, *supra*, 164 Cal.App.4th at p. 438.)

*B. Nancy Was Entitled to Attorney Fees*

Without citing any legal authority, Thomas argues "there was no clear prevailing party" and "both sides partially prevailed" following our prior decision on appeal in this matter. We therefore reject this argument and deem it forfeited. (*Martine*, *supra*, 27 Cal.App.5th at p. 728.)

Even if we were to consider the merits of the argument, we would conclude Nancy was entitled to attorney fees. "Welfare and Institutions Code section 15657.5, subdivision (a), provides that when a case of financial elder abuse (Welf. & Inst. Code, § 15610.30) has been proven, 'in addition to compensatory damages and all other remedies otherwise provided by law, the court shall award to the plaintiff reasonable attorney's fees and costs.'" (*Conservatorship of McQueen* (2014) 59 Cal.4th 602, 607.) "The attorney fee provision in section 15657.5 is not discretionary in nature." (*Arace v.*

9

*Medico Investments, LLC* (2020) 48 Cal.App.5th 977, 983.) "Under the plain language of the statute, an award of attorney fees is a mandatory form of relief." (*Ibid.*)

Here, the trial court found Thomas committed acts of financial elder abuse under section 15610.30. Because of the finding of financial elder abuse, the trial court was required to award attorney fees and costs to Nancy under section 15657.5, subdivision (a).

### C. *The Attorney Fees Were Reasonable*

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. . . . The reasonable hourly rate is that prevailing in the community for similar work. [Citations.] The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095 (*PLCM*); see *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134–1135 [compiling cases using the lodestar method under various statutes].)[4] "'On appeal we infer all findings in favor of the prevailing parties.'" (*Lockaway Storage v. County of Alameda* (2013) 216 Cal.App.4th 161, 193 (*Lockaway*).)

The record shows the trial court properly awarded attorney fees based on the lodestar method, even though it did not explicitly state it was applying that method. In support of her motion for attorney fees, Nancy provided a declaration of her attorney Hall, in which he stated each attorney and paralegal's work experience, the number of hours each worked on the case, the nature of their work, and their hourly rate. Although

---

[4] In his reply brief, Thomas argues Nancy mistakenly relies on cases involving attorney fee awards under contracts and Civil Code section 1717. These cases, such as *PLCM*, include general principles of the lodestar method, principles often invoked in cases involving attorney fee awards under statutes. This argument therefore fails.

10

Hall sought an hourly rate of $525, $425 for his associates, and $225 for his paralegal, the trial court concluded these requested hourly rates were too high. It determined a reasonable hourly rate was $425 for Hall, $400 for his associates, and $150 for his paralegal. The trial court found the majority of the hours of work performed was reasonable, but reduced some time for clerical tasks and discovery work. The record shows the trial court multiplied the number of hours reasonably expended with the reasonable hourly rate. The trial court concluded the reasonable amount of fees for each attorney and paralegal and awarded a total of $175,252.50 in attorney fees to Nancy.[5]

Thomas makes several arguments the fee award was unreasonable. Not one is convincing, as discussed below.

1. Limited Success and Apportionment

Thomas argues the fee award should be reduced because Nancy achieved limited success in her lawsuit. Specifically, he calls for apportionment between successful and unsuccessful claims. He contends, because Nancy withdrew her lack of capacity claim, the attorney fee award under section 15657.5 should be reduced by 33 percent, leaving only 326.34 billable hours. Thomas then asserts, because Nancy did not prevail on several claims, the 326.34 billable hours should be reduced by 62 percent, resulting in 124.01 billable hours. Thomas argues, at a blended hourly rate of $437.29, Nancy's attorney fee award should be $54,228.33.

Thomas raises these arguments in his opening brief without citing any supporting legal authority. We therefore decline to address these arguments and deem them forfeited. (*Martine*, *supra*, 27 Cal.App.5th at p. 728.) Although Thomas cites legal authority for the first time in his reply brief, we do not consider those arguments because

_____

[5] The attorney fee amounts were determined to be as follows: $78,157.50 for Hall; $23,360 for Coppernoll; $4,920 for McMahon; and $59,320 for Afati. The court found the reasonable amount for the paralegal to be $9,495.

11

he did "not explain the delayed presentation of those arguments." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 65.)

Even if we were to consider the merits of Thomas's arguments, we would find them unpersuasive. "'Once a trial court determines entitlement to an award of attorney fees, apportionment of that award rests within the court's sound discretion.'" (*Hoffman v. Superior Ready Mix Concrete, L.P.* (2018) 30 Cal.App.5th 474, 485 (*Hoffman*).) "'"[F]ees need not be apportioned between distinct causes of action where plaintiff's various claims involve a common core of facts or are based on related legal theories." [Citation.] Apportionment is not required when the issues in the fee and nonfee claims are so inextricably intertwined that it would be impractical or impossible to separate the attorney's time into compensable and noncompensable units.'" (*Ibid.*)

Here, the record, including Nancy's motion for attorney fees and the trial court's order, substantiates the trial court's implied finding that Nancy incurred attorney fees on claims with a common core of facts. All the claims revolved around Thomas's acts of financial elder abuse, the basis of the attorney fee award under section 15657.5, subdivision (a). Furthermore, the issues were "so inextricably intertwined that it would be impractical or impossible to separate the attorney's time" between financial elder abuse and Nancy's other theories. (*Hoffman*, *supra*, 30 Cal.App.5th at p. 485.) We have also found no cases requiring apportionment under section 15657.5, subdivision (a).

2. Plain Error and Calculation of Fee Award

Thomas argues, for the first time in his reply brief, the trial court committed "plain error." He contends the trial court failed to specify how it calculated its reduction of time in its fee award. Thomas also appears to rely on the plain error rule under rule 52 of the Federal Rules of Criminal Procedure (18 U.S.C.).

"[W]e will not consider matters raised for the first time in the reply brief." (*Sachs v. Sachs* (2020) 44 Cal.App.5th 59, 66.). Even if we were to consider these arguments, we would conclude: "'No specific findings reflecting the court's calculations

12

[are] required.  [Citation.]  "The record need only show that the attorney fees were awarded according to the 'lodestar' or 'touchstone' approach."'"[6] (*Lockaway*, *supra*, 216 Cal.App.4th at p. 193.)  Additionally, rule 52 of the Federal Rules of Criminal Procedure (18 U.S.C.) is irrelevant here; the present case is not a federal criminal case.

### 3.  Comparable Attorney Fees

Thomas argues, for the first time on appeal, an attorney provided him a fee estimate for the defense of his case and this fee estimate should be used as a comparator in awarding fees.  In support, he attached the fee estimate to his opening brief.  In his reply brief, Thomas contends using comparable attorney fees is a generally accepted valuation method, relying on a State Board of Equalization handbook and section 15657.1.

We reject these arguments.  First, we decline to address them and deem them forfeited because "'issues not raised in the trial court cannot be raised for the first time on appeal.'" (*Johnson v. Greenelsh* (2009) 47 Cal.4th 598, 603 (*Johnson*).)  Second, we will not consider Thomas's attachment of the fee estimate to his opening brief.  The attachment is not part of the appellate record and violates the rules of appellate procedure.  (See *Hodge v. Kirkpatrick Development, Inc.* (2005) 130 Cal.App.4th 540, 546, fn. 1 [declining to consider an attachment to a brief that was "not part of the record on appeal"]; Cal. Rules of Court, rule 8.204(a)(1)(B) ["A party filing a brief may attach copies of exhibits or other materials *in the appellate record* or copies of relevant local,

---

[6] In his reply brief, under the heading, "Maintaining Contemporaneous Records Minimizes Inaccuracies," Thomas argues Nancy incorrectly cites *PLCM* for the proposition that "California law does not require time records, so 'there is no required level of detail' to justify a fee award."  He then uses this mistake as a basis to argue Nancy's analysis of the trial court's order is flawed and the trial court did not apply its stated reduction of hours in its fee award.  Although Nancy misattributes the quote, "'there is no required level of detail,'" to *PLCM*, she cites the case wherein that quote is found a couple of sentences later in her brief.  (See *Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 699 ["'Because time records are not required under California law . . . , there is no required level of detail that counsel must achieve'"].)

13

state, or federal regulations or rules, out-of-state statutes, or other similar citable materials that are not readily accessible" (italics added)].)  Third, Thomas's reliance on a State Board of Equalization handbook and on section 15657.1 is raised in his reply brief for the first time, and we consider it forfeited.  (*Ione Valley*, *supra*, 33 Cal.App.5th at p. 173.)

### 4.  Mediation and Settlement Negotiations

 In his opening brief, under the heading, "Mediation and Settlement," Thomas describes the parties' mediation and settlement efforts and appears to argue, for the first time on appeal, Nancy refused to settle the case.  In his reply brief, Thomas argues settlement would have been proper and, for the first time in his reply brief, contends Nancy failed to comply with the trial and appellate courts' requests to settle the case.  We reject these arguments because Thomas did not raise this issue in the trial court and presents a new argument regarding this issue for the first time in his reply brief.  (*Johnson*, *supra*, 47 Cal.4th at p. 603); *Ione Valley*, *supra*, 33 Cal.App.5th at p. 173).

### 5.  Travel Time

Thomas argues Nancy's counsel block billed, combining travel time with meetings.  He argues this practice prevented the trial court from determining the reasonableness of these billings.

We reject these arguments and treat them as forfeited for a few reasons. First, Thomas broadly objected to this block billing practice, without citing specific billing entries, before the trial court.  (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 488 ["'Failure to raise specific challenges in the trial court forfeits the claim on appeal'"].)  Second, Thomas does not cite any legal authority.  (*Hernandez*, *supra*, 37 Cal.App.5th at p. 277.)   Third, he fails to "make a 'cognizable argument on appeal as to why the trial court abused its discretion.'"  (*Ibid.*)  He merely repeats "the arguments made in support of the motion in the trial court," which is insufficient.  (*Ibid.*)

14

Thomas also contends any meetings requiring travel appear duplicative and wasteful and points to Nancy's counsel, Hall and Afati, billing identical time for travel during the trial in this case. But Thomas does not explain how the trial court abused its discretion. Thus, we reject these arguments and deem them forfeited. (*Martine*, *supra*, 27 Cal.App.5th at p. 728.)

Thomas then argues, for the first time on appeal, the Department of Motor Vehicles does not require an attorney to travel in an automobile and the trial court should have awarded travel costs based on the United States Internal Revenue Service's per diem mileage rate. Thomas also challenges, for the first time on appeal, specific items in the billing statement. We decline to address these arguments as they were not raised in the trial court. (See *Johnson*, *supra*, 47 Cal.4th at p. 603.)

IV.

THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING SOME COSTS

A. *Standard of Review*

"A costs award is reviewed on appeal for abuse of discretion" and, under the abuse of discretion standard, "our task includes determining whether the amount awarded was supported by substantial evidence." (*El Dorado Meat Co. v. Yosemite Meat & Locker Service, Inc.* (2007) 150 Cal.App.4th 612, 617.) "'If the trial court has made no findings, the reviewing court will infer all findings necessary to support the judgment and then examine the record to see if the findings are based on substantial evidence.'" (*Frei v. Davey* (2004) 124 Cal.App.4th 1506, 1512 (*Frei*).)

But "the appellate court does not merely rubber-stamp the trial court's decision. 'Our search for substantial evidence in support of the judgment "does not mean we must blindly seize any evidence in support of the respondent in order to affirm the judgment. The Court of Appeal 'was not created . . . merely to echo the determinations of the trial court. A decision supported by a mere scintilla of evidence need not be affirmed on review.' [Citation.] '[I]f the word "substantial" [is to mean] anything at all,

15

it clearly implies that such evidence must be of ponderable legal significance.  Obviously the word cannot be deemed synonymous with "any" evidence.  It must be reasonable . . . , credible, and of solid value. . . .' [Citation.]  The ultimate determination is whether a *reasonable* trier of fact could have found for the respondent based on the *whole* record.  [Citation.]  While substantial evidence may consist of inferences, such inferences must be 'a product of logic and reason' and 'must rest on the evidence' [citation]; inferences that are the result of mere speculation or conjecture cannot support a finding."'"'" (*Frei*, *supra*, 124 Cal.App.4th at p. 1512.)

B.  *Applicable Law*

"[A] prevailing party in a civil proceeding is entitled to the recovery of costs.  (Code Civ. Proc., § 1032, subd. (b).)  'Code of Civil Procedure "[s]ection 1032 is the fundamental authority for awarding costs in civil actions.  It establishes the general rule that '[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding.'" [Citation.]' [Citation.]  The ""items . . . allowable as costs under [s]ection 1032"" are enumerated in Code of Civil Procedure section 1033.5." (*Sanders*, *supra*, 164 Cal.App.4th at pp. 438–439.)  Section 15657.5, the attorney fee statute here, "invokes application of Code of Civil Procedure section 1032, and by reference, the cost list in Code of Civil Procedure section 1033.5." (*Id.* at p. 439.)

Lodging and parking costs are not listed in Code of Civil Procedure section 1033.5 as allowed or disallowed costs.  (Code Civ. Proc., § 1033.5, subds. (a) & (b).)  Therefore, the trial court may exercise its discretion in allowing or denying such costs.  (Code Civ. Proc., § 1033.5, subd. (c)(4).)  But "allowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." (Code Civ. Proc., § 1033.5, subd. (c)(2).)

16

*C. Procedural Requirements*

To recover costs, a prevailing party must file a memorandum of costs. (Cal. Rules of Court, rule 3.1700(a)(1).) If an opposing party seeks to contest the costs, the opposing party must file a motion to strike or tax costs within "15 days after service of the cost memorandum." (Cal. Rules of Court, rule 3.1700(b)(1).) "Unless objection is made to the entire cost memorandum, the motion to strike or tax costs must refer to each item objected to by the same number and appear in the same order as the corresponding cost item claimed on the memorandum of costs and must state why the item is objectionable." (Cal. Rules of Court, rule 3.1700(b)(2).) "After the time has passed for a motion to strike or tax costs or for determination of that motion, the clerk must immediately enter the costs on the judgment." (Cal. Rules of Court, rule 3.1700(b)(4).)

As Nancy argues, Thomas did not file a motion to strike or tax costs to contest the claimed costs. Typically, the "'failure to file a motion to tax costs constitutes a waiver of the right to object.'" (*Douglas v. Willis* (1994) 27 Cal.App.4th 287, 289.) But, in his opposition to Nancy's motion for attorney fees, Thomas objected to certain costs "in the same order as the corresponding cost item claimed on the memorandum of costs and" explained why certain costs were objectionable. (Cal. Rules of Court, rule 3.1700(b)(2).) We conclude the trial court, given it considered Thomas's opposition to Nancy's motion for attorney fees and awarded costs to Nancy, implicitly found Thomas's opposition as functionally equivalent to a motion to tax costs "under the rule that substance trumps form." (See *Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 260 [treating objections as a motion to tax costs].)

Nancy also argues Thomas's opposition to Nancy's motion for attorney fees was untimely filed. But the record indicates the trial court deemed his opposition timely filed, and "a trial court has broad discretion to accept or reject late-filed papers. (Cal. Rules of Court, rule 3.1300(d).)" (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 262.) In a minute order on December 4,

17

2020, the trial court stated it would allow Thomas to file his opposition. Moreover, in its order awarding attorney fees and costs, the trial court stated it considered Thomas's opposition. Significantly, nothing in the record suggests the trial court rejected the opposition as untimely. (Cal. Rules of Court, rule 3.1300(d) ["If the court, in its discretion, refuses to consider a late filed paper, the minutes or order must so indicate"].)

*D. Lodging and Parking Costs*

Thomas argues the trial court failed to "address the fraudulent nature of the costs." Specifically, Thomas challenges the costs purportedly incurred by Albertson, $2,395.67 for lodging and $73 for parking, because Nancy's motion for attorney fees does not mention Albertson performing any work on the case and because the billing statement lacks any entries by Albertson. Thomas then implies Nancy's counsel did not incur any lodging costs, because Nancy's counsel claimed daily travel costs from Carlsbad to Santa Ana during trial from January 15 to January 20, 2020, and because Nancy's counsel provided "no substantive documentation" in support of the lodging costs.

On this record, it is unclear who Albertson is. It is also unclear whether Albertson or someone else incurred these lodging and parking costs. Albertson is the "[u]ser" associated with these costs on a document entitled, "Activities Export," which does not appear to be a billing statement. Both of Nancy's counsel submitted billing for travel time from Carlsbad to Santa Ana, which raises the question whether lodging was necessary. Without knowing who incurred these costs—whether multiple attorneys or staff claimed these costs, or whether lodging was even necessary—we find the lodging and parking costs were excessive and unreasonable. We therefore find the trial court abused its discretion in awarding $2,395.67 in costs for lodging expenses and $73 in costs for parking expenses.

We acknowledge the procedure for claiming costs was somewhat convoluted in the trial court and may have prevented Nancy from submitting evidence in

18

support of these lodging and parking costs. "If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774.) Once Thomas objected to these lodging and parking costs, the trial court should have provided Nancy an opportunity to meet her burden of proof in claiming these costs. We therefore remand to the trial court to conduct a hearing to reconsider these claimed lodging and parking costs.

DISPOSITION

The portion of the postjudgment order awarding Respondent $2,395.67 in costs for lodging expenses and $73 in costs for parking expenses is reversed. We remand to the trial court to hold a hearing to reconsider whether Respondent is entitled to such lodging and parking costs. The trial court shall permit the parties to present additional relevant evidence and argument at the hearing. In all other respects, the postjudgment order awarding attorney fees and costs is affirmed.

In the interests of justice, the parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


MOTOIKE, J.

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.


19