MAURO, J.
In 2012, the County of Amador (County) certified a final environmental impact report (EIR) and approved the Newman Ridge Project (Project), an aggregate quarry and related facilities near Ione owned by real parties in interest Newman Minerals and others (Applicants). Ione Valley Land, Air, and Water Defense Alliance, LLC (LAWDA) filed a petition for writ of mandate under the California Environmental Quality Act (CEQA) challenging the certification and approval. The trial court granted the petition as to traffic impacts because the 2012 draft EIR did not accurately portray the data from the traffic impact study and did not disclose traffic information in a manner reasonably calculated to inform the public and decision-makers. The errors required correction and recirculation of the EIR as to traffic issues only. As to all other issues, the petition was denied.
After the County issued a partially recirculated draft EIR in 2014, certified the partially recirculated EIR, and again approved the Project, LAWDA again filed a petition for writ of mandate. The trial court denied the petition, and LAWDA appeals.
LAWDA now contends the trial court erred by denying the petition (1) as to impacts other than traffic impacts, and (2) as to traffic impacts. In the published portion of this opinion, we conclude the arguments relating to impacts other than traffic impacts are precluded by res judicata. And in the unpublished portion of this opinion, we conclude LAWDA fails to establish that CEQA statutes and guidelines require reversal as to traffic impacts. We will affirm the judgment.
BACKGROUND
LAWDA elected not to include a reporter's transcript in the record on appeal.
*793 Consequently, it is difficult to piece together what arguments were made in the trial court and when they were made. For example, the trial court heard arguments on this case on several occasions having to do with a demurrer and on the merits, yet we do not have the benefit of the arguments made. Also, LAWDA did not request a statement of decision, so we also do not have the benefit of the trial court's reasoning in denying the petition for writ of mandate. We glean the following from the clerk's transcript and, to a lesser extent, the administrative record.
Applicants proposed the Project to consist of two parts: the Newman Ridge Quarry and the Edwin Center. The Newman Ridge Quarry is a 278-acre quarry from which it is anticipated five million tons of rock will be extracted per year for 50 years. The adjacent Edwin Center is a 113-acre area to host processing and transportation facilities. The County certified an EIR and approved the Project in 2012.
In November 2012, LAWDA filed a petition for writ of mandate (Amador County Superior Court case no. 12-CVC-08091), which we will refer to as the "first petition," claiming that the County's approval of the Project violated CEQA, as well as the State Mining and Reclamation Act and the Planning and Zoning Law. The trial court summarized the CEQA issues raised by LAWDA in the first petition: "(1) the air pollution impacts were understated and insufficiently mitigated[;] (2) the water supply and water quality issues were inadequately analyzed or mitigated[;] (3) the traffic and circulation impacts were inadequately analyzed and mitigated[;] (4) the revised [draft] EIR should have been recirculated[;] (5) the County failed to adequately consult with the California Department of Corrections and Rehabilitation [CDCR] as a trustee agency, and with Caltrans as a responsible agency; (6) the substantial evidence does not support the Statement of Overriding Considerations; (7) the County failed to provide a reasoned analysis in response to Caltrans claims that the [final] EIR failed to adequately identify, disclose and mitigate for potentially significant impacts to the State Highway system."
In February 2014, the trial court entered its order granting the first petition in part and denying it in part. The trial court found two traffic-related deficiencies in the EIR, one having to do with surface street traffic impacts and the other with rail traffic impacts. The trial court issued a written ruling along with its order, requiring the County to (1) vacate certification of the EIR, (2) vacate approval of the Project, (3) "recirculate for public comment the revised [draft EIR] pertaining to traffic issues," (4) decide anew whether to certify the EIR, (5) decide anew whether to approve the Project, and (6) notify the trial court that it had complied with the peremptory writ. In all other respects, the trial court denied the petition.
The County filed an initial return certifying that it had complied with the requirements of the peremptory writ to vacate the EIR certification and the Project approval. It further complied with the writ by circulating for public comment a partially recirculated EIR pertaining only to traffic issues. After responding to comments, the County certified the partially recirculated EIR and approved the Project. In June 2015, the County and the Applicants filed an additional return certifying that they had complied with the entirety of the writ. Based on the compliance, the County asked the trial court to "uphold the County's certification of the EIR and approval of the Project, grant the motion to discharge the Writ, and relinquish jurisdiction over this matter ...." The trial *794 court granted the motion to discharge the writ in August 2015.
Meanwhile, in April 2015, LAWDA filed a new petition for writ of mandate (Amador Superior Court case no. 15-CVC-09240), which we will refer to as the "second petition," challenging the certification of the partially recirculated EIR and approval of the Project. The second petition acknowledged that the trial court had granted in part and denied in part the first petition, "ruling that the EIR had failed to apprise the public of the transportation impacts of the proposed project," but "den[ying] the other claims in the writ petition." The second petition continued: "Subsequently, the County released a Recirculated EIR, which included a revision of the one section of the EIR dealing with circulation. However, the County did not change any other portion of the EIR despite the fact the entire EIR would be affected by changes in the circumstances in which the Project was being approved; the official state of drought in California, the County's approval of the expansion of the existing Jackson Valley Quarry, and the approval of the Mule Creek State Prison expansion."
The second petition alleged the EIR was deficient in the following respects: (1) water supply and quality, (2) traffic and circulation, (3) biological resources, (4) air pollution, (5) mitigation measures, (6) recirculation of the entire EIR, (7) evidence supporting overriding considerations, and (8) response to public comments. The second petition also alleged violation of the Planning and Zoning Law.
The County and Applicants demurred to the second petition, claiming that many of the contentions relating to the EIR were litigated and resolved in connection with the first petition. The trial court sustained the demurrer with leave to amend. The record does not reflect the trial court's reasons for sustaining of the demurrer.
LAWDA filed an amended petition, the parties filed briefs on the merits, and the trial court held a hearing. Since there is no reporter's transcript, we do not have a record of the hearing, other than that it occurred. The trial court subsequently issued an order denying LAWDA's second petition for writ of mandate. The order provided no reasoning, and LAWDA did not request a statement of decision.
Additional background is set forth in the discussion.
DISCUSSION
I
The County and Applicants, which we will refer to collectively as the County, contend that LAWDA is barred from raising most of the issues in the second petition for writ of mandate. We agree. Res judicata bars all of LAWDA's objections to the partially recirculated EIR certification and project approval, except for those issues arising from the partially recirculated EIR concerning traffic impacts, because the remaining issues were litigated and resolved, or could have been litigated and resolved, in connection with the first petition, and the writ of mandate did not require the County to revisit issues other than traffic impacts.
In a similar CEQA case, this court held the parties could not raise issues the parties either raised or could have raised in prior litigation. ( Citizens for Open Government v. City of Lodi (2012) 205 Cal.App.4th 296, 324-327, 140 Cal.Rptr.3d 459 ( Citizens for Open Government ).) In that case, the trial court granted a petition for writ of mandate, finding that the EIR was inadequate as to cumulative urban decay analysis and potential energy impacts analysis. The writ issued on the merits and *795 became final even though the trial court retained jurisdiction over the matter until the city complied with the writ. ( Id . at pp. 302, 324-325, 140 Cal.Rptr.3d 459 ; see Pub. Resources Code, § 21168.9, subd. (b) [requiring the trial court to "retain jurisdiction over the public agency's proceedings by way of a return to the peremptory writ until the court has determined that the public agency has complied with this division".] ) Later, after the city had revised the EIR and reapproved the project, the petitioners filed a new petition for writ of mandate. One of the issues raised in the new petition was that there were significant water supply impacts that were not disclosed in the EIR. The trial court concluded res judicata barred the claim that could have been made in the first petition. This court affirmed ( Citizens for Open Government, supra, at pp. 324-327, 140 Cal.Rptr.3d 459 ), concluding: "[The petitioner's] water supply claims in this proceeding were based on the same conditions and facts in existence when the original action was filed. As such, res judicata bars us from considering them here." ( Id . at p. 327, 140 Cal.Rptr.3d 459.)
In Citizens for Open Government , this court summarized the doctrine of res judicata: "Res judicata or claim preclusion bars relitigation of a cause of action that previously was adjudicated in another proceeding between the same parties or parties in privity with them. [Citation.] Res judicata applies if the decision in the prior proceeding is final and on the merits and the present proceeding is on the same cause of action as the prior proceeding. [Citation.] Res judicata bars the litigation not only of issues that were actually litigated but also issues that could have been litigated. [Citation.]" ( Citizens for Open Government, supra, 205 Cal.App.4th at p. 324, 140 Cal.Rptr.3d 459.)
This court continued: "Causes of action are considered the same if based on the same primary right. [Citation.] A claim in the present proceeding is based on the same primary right if based on the same conditions and facts in existence when the original action was filed. [Citation.] Even if petitioner's challenge is not based on the same conditions and facts, those different conditions and facts must be 'material.' [Citation.]" ( Citizens for Open Government, supra, 205 Cal.App.4th at p. 325, 140 Cal.Rptr.3d 459.)
Here, the trial court's writ of mandate directed the County to revisit only the 2012 EIR's traffic impacts analysis. The trial court denied the first petition for writ of mandate with respect to other parts of the 2012 EIR. Yet LAWDA raises several additional alleged deficiencies other than traffic impacts in its second petition. On appeal, LAWDA raises again some of the issues listed in the second petition, including contentions that the partially recirculated EIR was deficient in its analysis of water supply and quality impacts, biological resource impacts, and air quality impacts. LAWDA also contends the partially recirculated EIR unreasonably failed to consider the approval of another quarry, which undermined the partially recirculated EIR's statement of overriding considerations. We conclude these contentions are barred by res judicata because they were, or could have been, raised in LAWDA's first petition. ( Citizens for Open Government, supra, 205 Cal.App.4th at p. 324, 140 Cal.Rptr.3d 459 )
LAWDA's opening brief on appeal fails to discuss res judicata, collateral estoppel, or failure to exhaust administrative remedies, even though those theories were raised by the County in the trial court and may have been the basis for much of the trial court's order. Only after the County again raised those preclusion issues in its respondent's brief did LAWDA engage them on appeal. It replies that res judicata does not apply because the trial court ordered *796 the County to vacate its certification of the 2012 EIR and approval of the Project, which the County did. Thus, LAWDA argues, the County's later action was a new certification, allowing LAWDA to challenge all of its elements. LAWDA claims that Public Resources Code section 21168.9 allows for partial decertification of an EIR, and, therefore, the trial court's order directing full decertification of the EIR allowed new challenges to parts of the EIR that had already been upheld by the trial court. This argument fails because whether the EIR has been decertified does not alter the fact that the sufficiency of a component of the EIR has been litigated and resolved. (See Citizens for Open Government, supra, 205 Cal.App.4th at p. 302, 140 Cal.Rptr.3d 459 [this court applied res judicata even though the city rescinded approval of the project and decertified the prior EIR].)
In addition, LAWDA claims res judicata does not apply because it could not appeal the prior order granting in part and denying in part the petition for writ of mandate. Noting that only aggrieved parties may appeal ( Code Civ. Proc., § 902 ; In re Pacific Std. Life Ins. Co. (1992) 9 Cal.App.4th 1197, 1200, 12 Cal.Rptr.2d 50 ), LAWDA argues it was not an aggrieved party because the trial court vacated the EIR certification and Project approval. This contention, however, does not account for the trial court's partial denial of the petition for writ of mandate. Because the trial court rejected LAWDA's arguments regarding aspects of the EIR other than traffic impacts and denied the petition as to those aspects of the EIR, thus rejecting the attempt to have the County reconsider those other impacts, LAWDA was aggrieved and could have appealed.
LAWDA also asserts for the first time in its reply brief that new and different circumstances render the newly certified EIR factually different from the prior EIR and, therefore, res judicata does not apply. It argues, for example, that new legislation, the Sustainable Groundwater Management Act, has been enacted since the first EIR was certified. It asserts that conditions have changed, including drought conditions and drying of wells, and other projects in the area have been approved. LAWDA also argues that "misleading information" in the 2012 EIR regarding traffic impacts prevented informed public comment on air quality and biological resource impacts. However, because LAWDA failed to include this counter-argument to the application of res judicata in its opening brief, LAWDA forfeited the argument. " 'Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief. To withhold a point until the closing brief would deprive the respondent of his opportunity to answer it or require the effort and delay of an additional brief by permission. Hence the rule is that points raised in the reply brief for the first time will not be considered, unless good reason is shown for failure to present them before.' " ( Neighbours v. Buzz Oates Enterprises (1990) 217 Cal.App.3d 325, 335, fn. 8, 265 Cal.Rptr. 788.)
We conclude the County was not required to revisit impacts or issues other than traffic impacts because the trial court's writ of mandate only required recirculation of the EIR as to traffic impacts. Consistent with CEQA, the trial court issued "[a] mandate that the public agency take specific action as may be necessary to bring the determination, finding, or decision into compliance with [CEQA]." ( Pub Resources Code, § 21168.9, subd. (a)(3).) The trial court's limited writ of mandate in this case did not require the County to revisit issues other than traffic impacts.
We further conclude that all issues LAWDA seeks to raise on appeal are precluded except those having to do with traffic *797 impacts because the remaining issues were litigated, or could have been litigated, in the prior proceeding and because the writ of mandate only required further action as to traffic impacts.
II**
DISPOSITION
The judgment is affirmed. Respondents are awarded their costs on appeal. ( California Rules of Court, rule 8.278(a).)
We concur:
BUTZ, Acting P. J.
HOCH, J.

See footnote *, ante .